**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WINNER ROAD PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:16-CV-1395 CAS |
| v. | ) | |
| | ) | |
| BMO HARRIS BANK, N.A., as trustee | ) | |
| of Mount Washington Cemetery trusts, | ) | |
| and individually, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant BMO Harris Bank, N.A.'s motion to dismiss. Plaintiff Winner Road Properties, LLC has responded to the motion, and it is fully briefed. For the following reasons, the Court will grant in part and deny in part BMO Harris Bank, N.A.'s motion. The Court finds plaintiff's Counts I and IV are barred by the doctrine of res judicata, and Count IV does not state a claim for relief that is plausible on its face. The Court will grant the motion to dismiss as to Counts I and IV. The Court cannot find that Counts II and III are barred by the statute of limitations, and the Court will deny the motion as to these Counts.

**Background**

On June 13, 2016, plaintiff Winner Road Properties, LLC ("Winner Road") filed this action in the Circuit Court of Jackson County, Missouri, against defendant BMO Harris Bank, N.A. ("BMO"), seeking declaratory relief and restitution. BMO removed the case to federal court, and it was transferred to this Court on a motion of change of venue under 28 U.S.C. § 1404(a), based primarily on the litigation history between the parties in this Court, specifically in

<u>Jo Ann Howard & Assocs., P.C. v. Cassity</u>, 4:09-CV-1252 ERW (E.D. Mo. filed Aug. 6, 2009) (the "<u>Jo Ann Howard</u>" litigation).

Winner Road owns a cemetery in Jackson County, Missouri, the Mount Washington Cemetery, and asserts it is the beneficiary of preneed trusts related to the Cassity-family preneed funeral services business, National Prearranged Services ("NPS") (Compl. Intro., ¶ 1.) NPS sold preneed funeral contracts to consumers through funeral homes whereby the consumers would pay a fixed price for funeral services before the need for those services arose. In Missouri, the Cassity family placed the funds received from these sales in various trusts, which it then manipulated into purchasing life insurance policies from a Cassity-controlled insurance company named Lincoln Memorial Insurance Company ("Lincoln Memorial"). The Cassity family then stole from the insurance policies held in the trusts. When NPS and the Cassity insurance companies were ultimately declared insolvent, the policies in the preneed trusts were worthless. (Compl. Intro., ¶¶ 7-8.)

Winner Road, through a judicial foreclosure sale, is the successor in interest to three Mount Washington Cemetery preneed trusts: the Merchandise and Services Trust, the Endowed Care Trust, and the Special Care Trust (collectively the "Mount Washington Cemetery trusts").[1] These trusts had a series of trustees during the Cassity fraud scheme. (Compl. at 3.) Defendant BMO, through its predecessor Marshall & Ilsley Trust Company, first became trustee of the trusts in 2005. By this time, the Merchandise and Services Trust had already been stripped of its cash assets—assets that had been replaced with Lincoln Memorial insurance policies by a prior trustee. These insurance policies, with the collapse of the Cassity fraud scheme, were worthless.

---

[1] In its briefing, Winner Road refers to the Mount Washington Merchandise and Services trust as the "Mount Washington Forever Preneed Trust."

Winner Road alleges BMO allowed more than $7 million of trust assets to disappear, specifically from the Merchandise and Services Trust.

Winner Road brings its complaint in four counts: Determination of Rights in and Representation for the Merchandise and Services Trust: Request for Restoration of Trust Assets and Other Relief (Count I); Determination of Rights in and Representation for the Endowed Care Trust and Request for Trust Administration Rulings (Count II); Determination of Rights in and Representation for the Special Care Trust and Request for Trust Administration Rulings (Count III), and; (4) Petition for Restitutionary Award Against Trustees for Breaching Trustee Duties Relating to Preneed Funeral and Cemetery Trusts (Count IV). With respect to the Mount Washington Merchandise and Services trust (Count I), Winner Road alleges this trust was depleted of $7.3 million in assets. Winner Road seeks trust administration or remedies for the Mount Washington Cemetery trusts, such as restoration of the functionality of the Mount Washington Cemetery trusts by an accounting, a finding of breach of trust, a report to beneficiaries, and a return or replacement of trust assets.

The *Jo Ann Howard* Litigation

In its motion to dismiss, BMO contends Winner Road's Counts I and IV are precluded by a settlement agreement entered in the Jo Ann Howard litigation. In May 2008, a Texas Court entered a joint liquidation plan for NPS and Lincoln Memorial. The liquidation plan established the authority of a Special Deputy Receiver ("SDR") to collect money to pay NPS's creditors. (Compl. at ¶ 37.) Under the liquidation plan, state guaranty associations, who had guaranteed payments under Lincoln Memorial insurance policies, were assigned all claims by present or future recipients of benefits under the insurance policies in the trust accounts. (Compl., Ex. H, Liquidation Plan ¶ 9.1.)

The state guaranty associations and the SDR then brought the Jo Ann Howard litigation, a $600 million lawsuit, in this District Court against defendant trustee banks, including BMO and its predecessors. (Compl., Ex. J.) The SDR was the court-appointed representative to bring claims on behalf of funeral homes and consumers for losses under the trusts arising from alleged breaches of fiduciary duty by BMO.

The Jo Ann Howard plaintiffs' claims for breach of fiduciary duty, negligence, and gross negligence by trustee banks were brought by "the individual state guaranty associations from Missouri . . . and the SDR on behalf of NPS, funeral homes, and consumers." (Ex. J. ¶¶ 32.19-32.20.) This explicitly included claims against bank trustees for losses to the Mount Washington Merchandise and Services trust. (Id. at ¶¶ 197.8-197.9.)

In Jo Ann Howard, the Court ruled that the SDR had standing to bring such claims:

> The final argument asserted by the Trustees is the Trustees cannot be liable for claims related to the Mount Washington and CSA trusts because the SDR does not have standing to bring claims related to those trusts. The Trustees claim NPS is not the settlor or beneficiary of these trusts and the SDR is asserting claims only on behalf of NPS, funeral homes, and consumers. Plaintiffs argue NPS was the pre-need seller for these trusts and as such is a beneficiary of the trusts . . . . NPS sold the contracts in the trust and was the actual seller. As the seller, even though not named in the trust agreement, NPS is a beneficiary of the trusts in practice. **The SDR has standing to bring claims related to the Mount Washington and CSA pre-need trusts**.

Jo Ann Howard, 79 F. Supp. 3d at 1020-21 (emphasis added). BMO states the settlement of all claims by the plaintiff SDR and Missouri guarantee associations in the Jo Ann Howard litigation acts to bar Winner Road's Counts I and IV by the doctrine of res judicata.

BMO also moves to dismiss Counts I through III as time barred by Missouri's one-year statute of limitations. As to Count IV, BMO moves to dismiss this Count for the additional reason that it had no duty to Winner Road that can support a breach of duty or negligence claim, and Winner Road has not stated a claim that is plausible on its face.

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  In making this determination, the Court must grant the plaintiff all reasonable inferences that can be drawn from the complaint's factual allegations.  See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010).

The Court can take judicial notice of public records and consider them on a motion to dismiss.  Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003).  Here, the Court has considered certain matters of public record—the Jo Ann Howard case file—as well as documents that are necessarily embraced by the complaint—the Mount Washington Cemetery trust agreements and the SDR liquidation plan.[2]  See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (holding that, when considering a motion to dismiss, the court "may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings") (citations and internal quotation marks omitted); see also Knutson v. City of Fargo, 600 F.3d 992, 1000 (8th Cir. 2010) ("[W]e see no reason why the District Court, like this Court, could not take judicial notice of the publicly available state-court argument, particularly where the issue at hand is possible

---

[2] These documents were attached as Exhibits A, C, and H to Winner Road's complaint.  The Jo Ann Howard complaint was attached as Exhibit J to Winner Road's complaint.

preclusion of a federal claim as a result of those same state-court proceedings."); see also Germain Real Estate Co., LLC v. HCH Toyota, LLC, 778 F.3d 692, 695 (8th Cir. 2015).

**Discussion**

    A.    <u>Res Judicata</u>

BMO argues Counts I and IV should be dismissed under the doctrine of res judicata. To establish that a claim is barred by res judicata, BMO must show "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." <u>Yankton Sioux Tribe v. United States Dep't of Health & Human Servs.</u>, 533 F.3d 634, 639 (8th Cir. 2008) (internal quotations omitted). "Dismissal on the basis of res judicata at the pleading stage is appropriate if the defense is apparent on the face of the complaint." <u>Magee v. Hamline Univ.</u>, 775 F.3d 1057, 1058-59 (8th Cir. 2015) (per curiam).

*(1)    Final Judgment on the Merits*

On December 16, 2014, in the <u>Jo Ann Howard</u> litigation, the plaintiffs and BMO defendants filed a stipulation of dismissal with prejudice. See <u>Jo Ann Howard</u>, 4:09-CV-1252 ERW (Doc. 2033). In their stipulation, plaintiffs and the BMO defendants "[p]ursuant to Fed. R. Civ. P. 41(a)" . . . "stipulate to the dismissal with prejudice of the BMO Defendants, and of all of Plaintiffs' claims against the BMO Defendants, in the above-entitled action, all matters in controversy between the Plaintiffs and the BMO Defendants having been settled, compromised, and adjourned." <u>Id.</u> at 1-2. That same day, the Court entered an Order dismissing with prejudice all the claims against the BMO defendants. See <u>Jo Ann Howard</u>, 4:09-CV-1252 ERW (Doc. 2034).

Stipulations pursuant to Rule 41(a) to a dismissal with prejudice "are considered to be on the merits for purposes for claim preclusion, and are an exercise of judicial power having a presumption of validity." 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 131.30[3][c][ii] (3d ed. 2016) ("MOORE'S FEDERAL PRACTICE"). If, however, a judgment based on the stipulation of the parties in settlement "is ambiguous as to whether it is intended to preclude future claims, courts employ basic contract interpretation principles to determine the intent of the parties," such as examining the circumstances surrounding the formation of the consent judgment, the technical meanings of words, and other documents expressly incorporated into the judgment. Id.

Winner Road argues that the Court cannot determine whether the Jo Ann Howard dismissal with prejudice is a final judgment on the merits for purposes of res judicata in this case without first reviewing the settlement agreement in the Jo Ann Howard litigation. For support, Winner Road cites the Eighth Circuit's decision in Larken, Inc. v. Wray, 189 F.3d 729, 732 (8th Cir. 1999). In Larken, however, the settlement was ambiguous. Id. at 731-32. The parties had reached an oral settlement just as a jury was about to hear additional evidence. The settlement dismissed the breach of fiduciary claims at issue, but the court directed the parties to explicitly reserve those items that were not to be included in the settlement. After the parties oral settlement, on the record, the judge declared the case settled. Thereafter, the parties were unable to reduce the settlement agreement to writing because they disagreed about the scope of the settlement. Id. at 731. That disagreement gave rise to another lawsuit, in which one side argued that res judicata barred the claim of the other side. Id. at 732.

The Eighth Circuit stated that "[w]hen the parties to a previous lawsuit agree to dismiss a claim with prejudice, such a dismissal constitutes a final judgment on the merits for purposes of

res judicata." Id. at 732. In Larken, because the movant sought to bar by res judicata a claim that was not pleaded in the first action's complaint, the Court stated "[n]evertheless, the question of whether the parties actually agreed to dismiss a particular claim depends upon the proper interpretation of their settlement agreement—a legal inquiry governed by the parties' intent at the time of settlement." Id. Because of the confusion in the court record, the Eighth Circuit considered extrinsic evidence about the scope of the settlement agreement.[3]

Unlike Larken, here BMO states res judicata should bar claims that were pleaded against BMO in the Jo Ann Howard litigation and claims that were permanently resolved pursuant to a Rule 41(a) dismissal with prejudice. In their stipulation of dismissal with prejudice, plaintiffs and the BMO defendants "stipulate to the dismissal with prejudice of the BMO Defendants, and of all of Plaintiffs' claims against the BMO Defendants . . . ." Jo Ann Howard, 4:09-CV-1252 ERW (Doc. 2033). Winner Road does not dispute that all claims pleaded against BMO in Jo Ann Howard were dismissed with prejudice after settlement. The stipulation as to "all of Plaintiffs' claims against the BMO Defendants," unambiguously includes the Jo Ann Howard plaintiffs' claims of breach of fiduciary duty by trustee banks. See Murphy v. Jones, 877 F.2d 682 (8th Cir. 1989) (finding earlier action settled with prejudice was entitled to preclusive effect for purposes of res judicata).

The Court finds that plaintiffs and BMO defendants intended their resolution of the Jo Ann Howard litigation to permanently resolve their claims; they stipulated pursuant to Federal Rule 41(a) to a dismissal with prejudice of all "claims against the BMO defendants"; and the

---

[3] In footnotes, the Eighth Circuit states "there [was] no indication that the parties intended to settle any claims other than those that were brought to the court," and there was a question "of precisely what was before the district court to begin with." Larken, 189 F.3d 733 n.8-9.

Court finds such dismissal with prejudice to be a judgment on the merits for purposes of claim preclusion.

### (2)     First Suit Based on Proper Jurisdiction

The parties do not dispute that the <u>Jo Ann Howard</u> litigation was based on proper jurisdiction.

### (3)     Winner Road Was in Privity With the <u>Jo Ann Howard</u> Plaintiffs

In its motion to dismiss, BMO contends the complaint is barred because BMO has already litigated and settled the same claims in litigation brought by the court-appointed SDR and Missouri guaranty associations who acted as the representatives of funeral homes, including Mount Washington Forever.

To find Winner Road's claims barred, the Court must find Winner Road in privity with the SDR and the guarantee associations in the <u>Jo Ann Howard</u> litigation.  A non-party to a prior suit can be barred by res judicata, so long as the non-party was adequately represented by someone with the same interests who was a party to the prior suit.  <u>Richards v. Jefferson County, Ala.</u>, 517 U.S. 793, 798-99 (1996) ("We have recognized an exception to the general rule [that a judgment does not conclude the rights of strangers to the proceedings] when, in certain limited circumstances, a person, although not a party, has his interests adequately represented by someone with the same interests who is a party."); <u>see</u> <u>generally</u> MOORE'S FEDERAL PRACTICE, § 131.40[3][e][i][A] ("A nonparty who is properly represented by a party to an action is bound by and entitled to the preclusive effects of the resulting judgment. . . The party representing the absent person or persons must have been properly authorized to act as such, either by private agreement (such as a trustee of a private trust) or by operation of law (such as an administrator of a decedent's estate or certain public officials).")

The Court finds that Winner Road's interests were adequately represented by the SDR, the properly authorized, court-appointed representative to bring claims on behalf of funeral homes and consumers for losses under the preneed trusts arising from alleged breaches of fiduciary duty by BMO. The Jo Ann Howard complaint expressly alleged that the claims against BMO were brought:

> on behalf of NPS, **funeral homes**, and consumers, [for] breach of fiduciary duty, negligence and gross negligence . . . against the Trustee Defendants who were trustees, or whose predecessors were trustees, of one or more of the following trusts: . . . **the Mt. Washington Forever Pre-Need Trust** . . . .

Compl., Ex. J. ¶ 197.9 (emphasis added).

Secondly, in Jo Ann Howard, the Court explicitly ruled that the SDR had standing to bring such claims:

> The final argument asserted by the Trustees is the Trustees cannot be liable for claims related to the Mount Washington and CSA trusts because the SDR does not have standing to bring claims related to those trusts. The Trustees claim NPS is not the settlor or beneficiary of these trusts and the SDR is asserting claims only on behalf of NPS, funeral homes, and consumers. Plaintiffs argue NPS was the pre-need seller for these trusts and as such is a beneficiary of the trusts . . . . NPS sold the contracts in the trust and was the actual seller. As the seller, even though not named in the trust agreement, NPS is a beneficiary of the trusts in practice. **The SDR has standing to bring claims related to the Mount Washington and CSA pre-need trusts**.

Jo Ann Howard, 79 F. Supp. 3d at 1020 (emphasis added).

The Jo Ann Howard court has already decided that the SDR was pursuing the bank trustees, including BMO, for the shortage in the Mount Washington Merchandise and Services trust. This is the same shortage Winner Road pleads it is entitled to sue BMO for in Counts I and IV. The Court finds Winner Road's interests were properly represented by the SDR in the Jo Ann Howard litigation, and Winner Road is bound by the preclusive effects of the resulting judgment.

*(4)        Both Suits Are Based Upon Same Claims or Causes of Action*

"To determine whether two causes of action are the same, the court examines whether the second lawsuit is 'part of the transaction, or series of connected transactions, out of which the [first] action arose . . . , giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, [and] whether they form a convenient trial unit.'" First Nat'l Bank in Sioux Falls v. First Nat'l Bank South Dakota, 679 F.3d 763, 767 (8th Cir. 2012) (quoting Lane v. Peterson, 899 F.2d 737, 742 (8th Cir. 1990)).  "Whether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based on the same factual predicate." Murphy v. Jones, 877 F.2d 682, 684 (8th Cir. 1989).

"As stated in Lane, 'reliance . . . on different substantive law and new legal theories does not preclude the operation of res judicata. . . . [W]here a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim.' Lane, 899 F.2d at 744. In effect, 'res judicata bars relitigation not only of those matters that were actually litigated, but also those which could have been litigated in the earlier proceeding.' King v. Hoover Group, Inc., 958 F.2d 219, 223 (8th Cir. 1992)." Banks v. Int'l Union Electronic, Elec., Tech., Salaried & Machine Workers, 390 F.3d 1049, 1052-53 (8th Cir. 2004); see also Ashanti v. City of Golden Valley, 666 F.3d 1148, 1153-54 (8th Cir. 2012) (res judicata bars claims "'arising from the original circumstances' but 'under new legal theories'" (quoted case omitted)).

The 228-page complaint in the Jo Ann Howard litigation lists in great detail the alleged breaches of fiduciary duty by the trustee defendants, including trustee defendant Marshall &

Ilsley, the predecessor trustee of BMO.  (Compl., Ex. J, 68-102, 111-23.)  The complaint alleged a cause of action by the SDR on behalf of funeral homes and consumers and against the trustee defendants for breach of fiduciary duty by trustee banks (19th Claim); negligence and gross negligence by trustee banks (20th Claim); unjust enrichment (28th Claim); money had and received (29th Claim); and constructive trust (30th Claim).  As for the relief the SDR sought against the trustee defendants, the Jo Ann Howard complaint asks for damages, restitution, imposition of a constructive trust, equitable accounting, injunctive relief, punitive damages, attorneys' fees and costs, and pre- and post-judgment interest as provided by statute.

The allegations in Counts I and IV of the instant action are part of the same series of transactions out of which the Jo Ann Howard litigation arose.  Both actions allege malfeasance by BMO as trustee that allowed the preneed trust's assets to be dissipated by the Cassity fraud scheme.  Both claims look to BMO to recoup for shortages in the assets in the NPS preneed trusts, including the Mount Washington Merchandise and Services trust.  Res judicata bars these counts as based on the same nucleus of operative fact.

Because the Court finds Counts I and IV (to the extent it is based on the Mount Washington Merchandise and Services trust) of Winner Road's complaint barred by the doctrine of res judicata, the Court will grant BMO's motion to dismiss these counts.

B.      Statute of Limitations

BMO states that Winner Road's Counts I through III are subject to dismissal for the additional reason that they are untimely.  In Missouri, a one-year statute of limitations applies to claims brought by beneficiaries against a trustee, and the period runs once the trustee sends a report that adequately discloses the existence of a potential claim for breach of trust and informs the beneficiary of the time allowed to commence a proceeding.

> [A] beneficiary may not commence a proceeding against a trustee for breach of trust more than one year after the last to occur of: (1) the date the beneficiary or a representative of the beneficiary was sent a report that adequately disclosed the existence of a potential claim for breach of trust and (2) the date the trustee informed the beneficiary of the time allowed for commencing a proceeding with respect to any potential claim adequately disclosed on the report.

Mo. Rev. Stat. § 456.10-1005(1). Regarding whether a report adequately discloses the existence of a claim, the statute provides that a "report adequately discloses the existence of a potential claim for breach of trust if it provides sufficient information so that the beneficiary or representative knows of the potential claim or should have inquired into its existence." Mo. Rev. Stat. § 456.10-1005(2).

Winner Road's complaint refers specifically to the $7.3 million in withdrawals from the trust during BMO's tenure for purchase of insurance policies "that were 'deleted' in 2012." (Compl. at ¶ 59.) Winner Road attached to its complaint a BMO trust account statement from September 1, 2012 through December 31, 2012. The trust statement is for the "Mount Washington Forever Pre-Need Trust" and showed a change in the portfolio value of negative $7.3 million. The beginning market value of the trust for the time period was $8,344,415.92, and the ending market value was $981,706.27. (Compl., Ex. D at 3.) In the trust account statement detail, the asset described as "EVIDENCE OF LINC MEM LIFE INC AT FACE VALUE MT WASHINGTON" showed a loss of -$7,366,964.07.

The "Customer Notes" of the trust account statement state as follows:

....
8.      For trust accounts governed by . . . <u>Missouri</u> . . . <u>law</u>, a beneficiary may not commence a proceeding against a trustee for breach of trust more than one year after the date the beneficiary or a representative of the beneficiary was sent a report that adequately disclosed the existence of a potential claim for breach of trust.
. . . .

Compl., Ex. D at 9 (emphasis in original). BMO's September through December 2012 statement shows the "Mount Washington Forever Pre-Need Trust" assets lost nearly 90 percent of their value in a three-month time span. It was mailed to Forever Enterprises at an address in Creve Coeur, Missouri. (Compl, Ex. D at 1.)

Winner Road argues that trust account statement was not a "report" within the meaning of § 456.10-1005(1) because it was not sent to the trust beneficiary. The trust account statement for the Mount Washington Forever Pre-Need Trust was sent to Forever Enterprises. (Compl., Ex. D at 1.) "BMO therefore cannot demonstrate Winner Road as a beneficiary of the trust was sent a report adequately disclosing a potential claim." (Def. Opp'n at 17.)

As an initial matter, Winner Road did not acquire Mount Washington Forever, LLC's property and rights until February 2014. <u>See</u> Compl. at ¶ 5(c). The trust account statement would have not been mailed to Winner Road in 2012, because Winner Road did not institute its judicial foreclosure case in Jackson County Circuit Court until February 2014. It was this action that declared Winner Road as the successor to the rights and obligations of Mount Washington Forever, LLC. (Compl. ¶ 5(c)).

In 2012, at the time the $7.3 million loss was disclosed, the Mount Washington Cemetery was owned by Mount Washington Forever, LLC (Compl. ¶ 5(b)), which itself was half owned by Forever Enterprises, Inc. BMO contends that Forever Enterprises, Inc.'s subsidiary, Forever Network, Inc. was the managing member of Mount Washington Forever, LLC. BMO cites to the Mount Washington Preneed Trust Agreement's notary block, which states, "On this 13th day of April, 2000, before me, the undersigned, a Notary Public, personally appeared Brent D. Cassity and Nekol Province to me personally known to be the President and the Secretary, respectively,

**of Forever Network, Inc., Managing Member of Mount Washington Forever LLC . . . .**" (Compl., Ex. C at 17) (emphasis added).

What BMO does not explain, and what the Court cannot resolve from the complaint and supporting documents, is that this trust account statement is for the "Mount Washington Forever Pre-Need Trust," which is, presumably, the Merchandise and Services Trust (Counts I and IV). It is not a trust statement that would disclose any breach of fiduciary duty with respect to the Endowed Care trust (Count II) or the Special Care trust (Count III). Moreover, the trust account statement was mailed to Forever Enterprises. (Compl., Ex. D at 1.) It was not mailed to Forever Network, Inc., which BMO claims was the managing member of Mount Washington Forever, LLC.

The Court finds factual issues exist concerning whether the Mount Washington Forever Pre-Need Trust account statement was sent to the beneficiary or a representative of the beneficiary pursuant to § 456.10-1005. Additionally, this account statement would not trigger the running of the statute of limitations on Counts II and III, which are claims arising out of different trusts. On a motion to dismiss, the Court must view all issues in the light most favorable to plaintiff. Because the Court cannot determine whether the Mount Washington Preneed trust account statement was sent to the "beneficiary or a representative of the beneficiary," it cannot find that the statement began the running of the one-year statute of limitations of Missouri Statute § 456.10-1005(1). The Court will deny BMO's motion to dismiss Counts I through IV as barred by the statute of limitations.

C.    <u>Count IV Does Not Allege a Claim that Is Plausible on Its Face</u>

In Count IV, Winner Road seeks restitution for BMO's alleged breach of trustee duties. Winner Road brings Count IV as a non-beneficiary of the Mount Washington preneed trusts. It

states that "[b]ut for the dissipation of approximately $7.3 million of trust assets and the failure to administer the M[ount] W[ashington] Cemetery Trusts . . . Winner Road would not have been required to make the $2.7 million of payments to keep the Cemetery open."  (Compl. at ¶ 81.)

BMO moves to dismiss this count, and argues that Winner Road has no standing as a creditor of Mount Washington Forever, LLC to assert a breach of trust claim.  BMO states that under Missouri law, no duty is owed by a trustee to a non-beneficiary of a trust, and thus BMO owed no duty to plaintiff.  "BMO has never willingly entered into any agreement or relationship whatsoever with the plaintiff with regard to the Mount Washington Cemetery or its trusts . . . . During the period between 2005 and 2014, there was no legal relationship at all between BMO and plaintiff with regard to Mount Washington."  (Reply at 14.)

The Court agrees with BMO, and finds that Count IV does not state a claim to relief that is plausible on its face.  BMO had no duty as a trustee of the Mount Washington Cemetery trusts to reimburse Winner Road for voluntarily paying the debts of the Mount Washington Cemetery. As BMO succinctly puts it, "Plaintiff's investment losses are the consequences of plaintiff's decisions, which decisions BMO had no legal duty to make profitable, or to prevent."  (Reply at 15.)  Because the Court finds Winner Road has not stated a plausible claim in Count IV, it will dismiss this Count for this additional reason.

## Conclusion

For the above-stated reasons, the Court grants BMO's motion to dismiss Counts I and IV (to the extent it is based on the Mount Washington Merchandise and Services trust) as barred by res judicata because the claims have been litigated, settled, and dismissed with prejudice in the Jo Ann Howard litigation.  Because factual issues exist, the Court denies defendant's motion to dismiss Counts I through III as time barred under the statute of limitations.  Finally, the Court

finds plaintiff has not stated a plausible claim for relief in Count IV, and will dismiss this Count for this additional reason.

Accordingly,

**IT IS HEREBY ORDERED** that defendant BMO Harris Bank, N.A.'s re-filed motion to dismiss is **GRANTED in part** and **DENIED in part**. [Doc. 49] The motion is granted as to Counts I and IV, and denied in all other respects.

**IT IS FURTHER ORDERED** that defendant BMO Harris Bank, N.A.'s re-filed motion to stay discovery is **DENIED as moot** [Doc. 52]

An appropriate Order of Partial Dismissal will accompany this Memorandum and Order.

_____\
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this 28th day of September, 2017.