# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WINNER ROAD PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1395 CAS |
| | ) | |
| BMO HARRIS BANK, N.A., as trustee of | ) | |
| Mount Washington Cemetery Trusts, and | ) | |
| individually, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant BMO Harris Bank, N.A.'s Motion to Join Jo Ann Howard & Associates, P.C., in its capacity as Special Deputy Receiver (the "SDR") for Lincoln Memorial Life Insurance Company, Memorial Service Life Insurance Company, and National Prearranged Services, Inc., pursuant to Rule 19(a) or Rule 20 of the Federal Rules of Civil Procedure. Plaintiff Winner Road Properties, LLC filed a response stating that it does not oppose the motion. Also before the Court is a joint motion to stay the Court's Order dated April 30, 2018, referring this case to Alternative Dispute Resolution ("ADR"). For the following reasons the Court will deny, without prejudice, BMO Harris Bank N.A.'s motion to join the SDR as a party to this suit, and the motion to stay ADR

**I.     BACKGROUND**

On June 13, 2016, Plaintiff Winner Road Properties, LLC ("Winner Road") filed this action in the Circuit Court of Jackson County, Missouri, against Defendant BMO Harris Bank, N.A. ("BMO"), seeking declaratory relief and restitution. BMO removed the case to the United States

District Court for the Western District of Missouri. The case was transferred to this district on a motion for change of venue pursuant to 28 U.S.C. § 1404(a), based primarily on the fact that there has been ongoing, related litigation in this district, including Jo Ann Howard & Assocs., P.C. v. Cassity, 4:09-CV-1252 ERW (E.D. Mo. filed Aug. 6, 2009) (the "Jo Ann Howard" litigation).

The case at bar case arises from the aftermath of the criminal prosecution of the Cassity family and their scheme to defraud consumers through the sale of pre-need funeral contracts, and the misuse of those proceeds. At issue in this case are three preneed cemetery trusts from the Mount Washington Cemetery in Kansas City, Missouri: the Third Amended and Restated Agreement for Mount Washington Cemetery Preneed Trust (the "Merchandise and Services Trust"); the Second Amended and Restated Agreement for Mount Washington Cemetery Endowed Care Trust (the "Endowed Care Trust"); and the Mount Washington Forever, LLC Custody Account (5012) (the "Special Care Trust"), together referred to as "the Mount Washington Trusts."

In its petition, Winner Road alleges that it is a beneficiary to the Mount Washington Trusts, and defendant BMO is the trustee. Winner Road claims that as trustee, BMO breached its fiduciary duties, failed to maintain effective operations of the trusts for their intended purposes, failed to ensure that the trust corpuses were maintained, and failed to pay out on contractual obligations. In its petition, Winner Road brings the following claims against BMO: Determination of Rights in and Representation for the Merchandise and Services Trust: Request for Restoration of Trust Assets and Other Relief (Count I); Determination of Rights in and Representation for the Endowed Care Trust and Request for Trust Administration Rulings (Count II); Determination of Rights in and Representation for the Special Care Trust and Request for Trust Administration Rulings (Count III); and Petition for Restitutionary Award Against Trustees for Breaching Trustee Duties Relating to the Mount Washington Trusts (Count IV).

BMO answered the petition and filed a counterclaim against Winner Road. In its counterclaim, BMO admits that it is trustee for the Mount Washington Trusts but asks, pursuant to Mo. Rev. Stat. § 456.2-202, that the Court approve BMO's accounts, remove BMO as a trustee, and approve the appointment of a successor trustee for the Mount Washington Trusts. BMO also asks that the Court resolve whether Winner Road is the only beneficiary of the Mount Washington Trusts, and whether BMO must release the trusts from any purported freeze by virtue of ongoing litigation in Texas state court.

As background, in 2008 a Texas Court entered an order approving a joint liquidation plan with respect to three Cassity family businesses: Lincoln Memorial Life Insurance Company, Memorial Service Life Insurance Company, and National Prearranged Services, Inc. (Doc. 91 at 35). That plan and underlying Texas statutes established the authority of the SDR, Jo Ann Howard & Associates, P.C., to collect monies and pay creditors as a result of the Cassity fraud scheme. Id. Under the liquidation plan, state guaranty associations, who had guaranteed payments under the insurance policies, were assigned all claims by present or future recipients of benefits under the insurance policies in trust accounts.[1] (Doc. 51, Ex. H at 13-14).

According to BMO, the SDR has instructed BMO that the Texas liquidation order operated as a freeze on all accounts associated with the Mount Washington Cemetery, because they are potential property of the estates of the three Cassity-owned businesses. (Doc. 98 at 4-5). BMO complied with the SDR's instructions and froze the Mount Washington Trusts. Despite Winner Road's repeated requests, BMO has not allowed withdrawals from or deposits to any of the trust accounts.

In its present motion, BMO moves to add the SDR as a party to this suit pursuant to Federal Rule of Civil Procedure 19(a) or, in the alternative, Federal Rule of Civil Procedure 20. (Doc. 97).

---

[1] The Jo Ann Howard litigation is a suit brought by the SDR and various state guaranty associations against dozens of defendants, including BMO. BMO, the SDR, and the guaranty associations settled all claims against BMO, and the court subsequently dismissed all claims against BMO with prejudice. (Doc. 91 at 35-36).

In its motion, BMO argues that the SDR is a necessary party to this suit, and in the SDR's absence, the Court may not be able to grant complete relief because the SDR has asserted claims to assets of the Mount Washington Trusts. BMO also argues that without the SDR, there is a substantial risk that BMO might be subject to conflicting obligations.

## II.   DISCUSSION

Federal Rule of Civil Procedure 19(a) "governs when joinder of a particular person is compulsory." Gwartz v. Jefferson Mem'l Hosp. Ass'n, 23 F.3d 1426, 1428 (8th Cir. 1994).[2] There are three independent situations in which this Court may find that a person or entity must be joined as a party under Rule 19(a)(1): (1) complete relief cannot be accorded among existing parties; (2) prejudice to the absent person's interest; or (3) prejudice to an existing party from the absent person's claimed interest. Fed. R. Civ. P. 19(a)(1)(A), (B)(i), and (B)(ii). See also Gwartz, 23 F.3d at 1428. The compulsory joinder analysis is "predicated on the policies of 'avoiding multiple litigation, providing the parties with complete and effective relief in a single action and protecting the absent person from the possible prejudicial effect of deciding the case without them.'" Lion Petroleum of Mo., Inc. v. Millennium Super Stop, LLC, 467 F. Supp. 2d 953, 956 (E.D. Mo. 2006).

Federal Rule of Civil Procedure 20(a), on the other hand, addresses permissive joinder, that is, when an absentee party may be joined in the suit. Rule 20(a) provides in pertinent part:

>    Persons . . . may be joined in one action as plaintiffs if:

---

[2] Under Rule 19(a)(1), "[a] person who is subject to service of process and whose joinder would not deprive the court of subject-matter jurisdiction" must be joined as a required party to the suit if:
>    (A) in that person's absence, the Court cannot accord complete relief among existing parties; or
>    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>       (i) as a practical matter impair or impede the person's ability to protect that interest; or
>       (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and
(B) any question of law or fact common to all plaintiffs will arise in the action.

Persons . . . may be joined in one action as defendants if:
(A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and
(B) Any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

The purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes thereby preventing multiple lawsuits." Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974).

In its motion, BMO seeks to join the SDR as a party to this suit, however, BMO does not state in what capacity it would like to join the SDR. BMO states that the SDR has an ongoing interest in the Mount Washington Trusts, and complete relief may not be available without the SDR, but it "disclaims that [BMO] is asserting any affirmative claims against the SDR, except insofar as the order and relief that BMO seeks on its petition for instructions would potentially adversely affect the SDR's claimed interest." (Doc. 98 at 10 n.3). For its part, plaintiff Winner Road states that it does not oppose BMO's motion, but it does not state whether it intends to bring its own claims against the SDR. (Doc. 99).

Rules 19 and 20 are for the joinder of parties to a suit; that is, plaintiffs or defendants. BMO has not adequately explained whether it intends the SDR to be a plaintiff or a defendant. In other words, it is unclear from the record what claims, if any, would be brought against the SDR. BMO goes to great lengths to explain the history of the SDR and what has occurred in prior and pending litigation, but neither BMO nor Winner Road has indicated that they have any claims, or intend to amend their pleading to add claims, against the SDR.

BMO asserts that complete relief may be elusive in this suit without the joinder of the SDR, because the SDR may later challenge this Court's orders regarding the Mount Washington Trusts. While enforcement of any judgment in this case might be easier if the SDR were a party, judgments in district courts are enforceable against non-parties. See Fed. R. Civ. P. 71. And the Court is unaware of any controlling authority holding that the joinder rules may be used to join a person or entity, with no claims in the suit, to facilitate enforcement of a judgment. BMO also asserts that the SDR has claimed in the Texas litigation that it has an interest in the assets of the Mount Washington Trusts. The SDR, however, has not moved to intervene in this suit, although it is well-aware this litigation is pending. The fact that the SDR has represented that it has an interest in the Mount Washington Trusts and in the outcome of this litigation does not make it a plaintiff or defendant to this suit. Rules 19 and 20 are intended for the joinder of parties to a cause of action.

In the Court's view, BMO has not adequately explained in what capacity the SDR would be included in this suit should the Court grant BMO's motion to join the SDR. The Court is left with many basic, unanswered questions, chief amongst them: would the SDR be a plaintiff or defendant, and what claims, if any, would be asserted against it? The Court, therefore, will deny BMO's motion at this time. The Court will, however, allow BMO to file a new motion to join the SDR as a party. Any such motion requesting to the joinder of the SDR as a party, however, must be accompanied by a proposed amended pleading, clearly showing in what capacity BMO proposes to join the SDR in this suit. Furthermore, the motion shall be accompanied by a memorandum of law, in which BMO must provide the Court with, inter alia, applicable authority regarding the joinder of an out-of-state receiver in federal court.

Also before the Court is a Joint Motion to Stay the Court's Order referring this case to ADR. The parties represent that any ADR undertaken without the participation of the SDR would be unproductive. They ask that the Court stay the ADR Order until the joinder motion is ruled upon.

The Court will deny the motion to stay without prejudice. As stated above, BMO has not adequately explained the capacity in which it seeks to join the SDR. The Court, therefore, will deny the parties' joint motion to stay ADR. A Motion to Stay ADR Order may be renewed if and when the SDR is joined as a party in this suit.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant BMO Harris Bank N.A.'s motion to join Jo Ann Howard & Associates, P.C. in its capacity as Special Deputy Receiver, pursuant to Rule 19(a) or 20 of the Federal Rules of Civil Procedure is **DENIED, without prejudice.** [Doc. 97]

**IT IS FURTHER ORDERED** that consistent with the terms of this Memorandum and Order, BMO Harris Bank, N.A. shall have fifteen (15) days from the date of this Memorandum and Order to file an amended motion to join Jo Ann Howard & Associates, P.C. in its capacity as Special Deputy Receiver, as a party to this suit.

**IT IS FURTHER ORDERED** that the parties' joint motion to stay the Court's Order referring this case to ADR is **DENIED without prejudice**. [Doc. 105]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of May, 2018.