UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WINNER ROAD PROPERTIES, LLC, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| BMO HARRIS BANK, N.A., | ) |
| | ) No. 4:16-CV-1395 CAS |
| Defendant/Counter-Claimant/ | ) |
| Cross-Claimant | ) |
| | ) |
| v. | ) |
| | ) |
| JO ANN HOWARD & ASSOCIATES, P.C., | ) |
| | ) |
| Cross-Defendant | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on cross-defendant Jo Ann Howard & Associates, P.C.'s motion to abstain or, alternatively, motion to abate and motion for more definite statement. Plaintiff Winner Road Properties, LLC and defendant BMO Harris Bank, N.A., oppose the motion and have filed memoranda in opposition, to which Jo Ann Howard & Associates, P.C.'s filed a reply.

At issue in this case are three trusts from the Mount Washington Cemetery in Kansas City, Missouri: the Third Amended and Restated Agreement for Mount Washington Cemetery Preneed Trust (the "Merchandise and Services Trust"); the Second Amended and Restated Agreement for Mount Washington Cemetery Endowed Care Trust (the "Endowed Care Trust"); and the Mount Washington Forever, LLC Custody Account (5012) (the "Special Care Trust"), together referred to as "the Mount Washington Trusts." The dispute was originally between plaintiff Winner Road

Properties, LLC ("Winner Road") and defendant BMO Harris Bank, N.A. ("BMO"). Winner Road alleges in its petition (hereafter referred to as the Complaint) that it is a beneficiary to the Mount Washington Trusts, for which defendant BMO is the trustee. Winner Road claims that as to the Mount Washington Trusts, BMO breached its fiduciary duties, failed to maintain effective operations of the trusts for their intended purposes, failed to ensure that the trust corpuses were maintained, and failed to pay out on contractual obligations. In its petition, Winner Road brings the following claims against BMO: Determination of Rights in and Representation for the Merchandise and Services Trust: Request for Restoration of Trust Assets and Other Relief (Count I); Determination of Rights in and Representation for the Endowed Care Trust and Request for Trust Administration Rulings (Count II); Determination of Rights in and Representation for the Special Care Trust and Request for Trust Administration Rulings (Count III); and Petition for Restitutionary Award Against Trustees for Breaching Trustee Duties Relating to the Mount Washington Trusts (Count IV).

BMO filed a motion to dismiss in response to Winner Road's Complaint, which the Court granted in part. BMO argued, and the Court agreed that Counts I and IV of the Complaint were barred by the doctrine of res judicata, because BMO had already litigated and settled the two claims in Jo Ann Howard & Assocs., P.C. v. Cassity, 4:09-CV-1252 ERW (E.D. Mo. filed Aug. 6, 2009) (the "Jo Ann Howard Litigation").

As background, this case arises out of a fraud scheme perpetrated by the Cassity family. The Cassity family owned and operated National Prearranged Services, Inc. (NPS), which sold pre-need funeral contracts. The Cassity family also owned two Texas-based life insurance companies, Lincoln Memorial Life Insurance Company ("Lincoln") and Memorial Service Life Insurance Company ("Memorial"). In 2008, a Texas Court in State of Texas v. Memorial Service Life Insurance

Company, et al., No. D-1-GV-08-000945 (250th Dist. Ct., Travis Cnty, Tex. filed Sept. 12, 2008) (the "Texas Receivership Litigation"), entered an order approving a joint liquidation plan with respect to NPS, Lincoln, and Memorial. Doc. 91 at 35. That plan and underlying Texas statutes established the authority of the Special Deputy Receiver of Lincoln, Memorial, and NPS (the "SDR"), Jo Ann Howard & Associates, P.C. ("Jo Ann Howard"), to collect monies and pay creditors as a result of the Cassity fraud scheme. Id.

In 2009, the state guaranty associations and the SDR brought the Jo Ann Howard Litigation, a $600 million lawsuit, in this District Court against defendant trustee banks, including BMO and its predecessors. The Jo Ann Howard plaintiffs' claims for breach of fiduciary duty, negligence, and gross negligence by trustee banks, including BMO, were brought by "the individual state guaranty associations from Missouri . . . and the SDR on behalf of NPS, funeral homes, and consumers." Jo Ann Howard Litigation, Doc. 916 at 15. This explicitly included claims against bank trustees for losses to a trust entitled the "Mt. Washington Forever Pre-Need Trust." Id. at 63.

Sometime in 2014, the plaintiffs in the Jo Ann Howard Litigation and BMO reached a settlement agreement, and on December 16, 2014, they filed a stipulation of dismissal with prejudice in the Jo Ann Howard Litigation. In ruling on BMO's motion to dismiss in the case at bar, the undersigned found the dismissal was a final judgment on the merits, that the SDR was in privity with Winner Road, Winner Road's interests were properly represented by the SDR, and both suits are based on the same claims and causes of actions. Doc. 84. The Court, therefore, found res judicata applied and dismissed Counts I and IV of Winner Road's complaint. Count II and III, Determination of Rights in and Representation for the Endowed Care Trust and Request for Trust Administration

3

Rulings and Determination of Rights in and Representation for the Special Care Trust and Request for Trust Administration Rulings, remain.

BMO responded to the Complaint and filed a counterclaim against Winner Road. In its counterclaim, BMO admits that it is trustee for the three Mount Washington Trusts but asks, pursuant to Mo. Rev. Stat. § 456.2-202, that the Court approve BMO's accounts, remove BMO as a trustee, and approve the appointment of a successor trustee for the Mount Washington Trusts. BMO also asks that the Court resolve whether Winner Road is the only beneficiary of the Mount Washington Trusts, and whether BMO must release the trusts from any purported freeze by virtue of the Texas Receivership Litigation. According to BMO, representatives of the SDR have instructed representatives of BMO that the liquidation order in the Texas Receivership Litigation operated as a freeze on all accounts associated with the Mount Washington Cemetery, because they are potential property of the estates of the three Cassity-owned businesses, Lincoln, Memorial, and NPS. Doc. 98 at 4-5.

On May 31, 2018, defendant BMO moved for leave to join Jo Ann Howard as a cross defendant. The motion was granted, and BMO filed an Amended Counterclaim and Cross-claim. BMO alleges, "[a]s a result of the litigation concerning the three trusts at issue, their administration has become the subject of substantial controversy between BMO and Winner Road, and between Winner Road and the SDR. Moreover, BMO cannot accede to Winner Road's demands without a substantial controversy and dispute with, and potentially [sic] liability to, the SDR." Doc. 116 at 12. BMO further alleges that it "hopes to obtain from this Court relief that will fully discharge and terminate BMO's responsibility with respect to the trusts at issue, and order their transition to a successor trustee" and that it is petitioning the Court "for instructions for the administration of the

trusts." Id. BMO brings the following claims against Winner Road and the SDR: Petition for Approval of Accounts, Removal, or Instructions for the Administration of the Mount Washington Preneed Trust (Count I); Petition for Approval of Accounts, Removal, or Instructions for the Administration of the Mount Washington Endowed Care Trust (Count II); and Petition for Approval of Accounts, Removal, or Instructions for the Administration of the Mount Washington "Special Care Trust" Custody Account (Count III). BMO also brings a claim for attorneys's fees pursuant to Mo. Rev. Stat. § 456.10-1004 against Winner Road.

Winner Road answered the amended counterclaim. The SDR filed a motion to abstain or, alternatively, motion to abate and motion for more definite statement. The SDR moves that the Court abstain from hearing this case under the discretionary abstention doctrine of Burford v. Sun Oil Co., 319 U.S. 315 (1943). In its motion, the SDR argues that Texas has established a complex regulatory scheme for the liquidation of insolvent insurance entities, and the resolution of this case requires specialized knowledge and the application of complicated state law. The SDR asserts it is undisputed that there is a liquidation order entered in the Texas Receivership Litigation that has vested title to all of Lincoln's, Memorial's, and NPS's property with the Liquidator, the Texas Commissioner of Insurance. The SDR also asserts that the liquidation order enjoins financial instructions, like BMO, making claims against Lincoln's, Memorial's and NPS's property, as the property is part of the receivership estate, and that there is an automatic stay with respect to actions against Lincoln, Memorial, and NPS or their property. The SDR asserts that the stay is in effect "for as long as the property belongs to the receivership estate." Doc. 131 at 6 (quoting Ex. 7 at 9).

The Court recognizes that Texas has established a comprehensive scheme to liquidate the property of insolvent insurance entities like Lincoln, Memorial, and NPS, and that the state has a

compelling interest in adjudicating the claims in a central forum, such as the receivership court. The Court also acknowledges that consolidation in the receivership court eliminates the risk of conflicting rulings and piecemeal litigation, and a ruling in this Court has the potential to be "'disruptive of [Texas]'s efforts to establish a coherent policy with respect to a matter of substantial public concern.'" New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 361 (1989) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976)). That said, this Court has "a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996), and the Burford doctrine is "'the exception and not the rule,' and should be used 'only in the extraordinary and narrow circumstances where it would clearly serve an important countervailing interest.'" Melahn v. Pennock Ins., Inc., 965 F.2d 1497, 1506 (8th Cir. 1992) (quoting Bilden v. United Equitable Ins. Co., 921 F.2d 822, 826 (8th Cir. 1990)).

The SDR asserts, without citation to the record, that "[t]here is no question that the [Merchandise and Services Trust] is property of the [receivership] estate." Doc. 146 at 3. The Court does not agree that this issue is settled. In support of its contention that the Merchandise and Services Trust belongs to the receivership estate, the SDR has filed a number of documents from the Texas Receivership Litigation: the original petition, dated May 13, 2008; the order appointing a rehabiltator and entering a permanent injunction, dated May 14, 2008; notice appointing Donna J. Garrett as SDR, dated May 15, 2008; notice appointing Jo Ann Howard as SDR, dated December 5, 2011; the order appointing a special master, dated May 16, 2008; an amended order referring matter to special master, dated October 24, 2008; the order appointing a liquidator, approving the liquidation plan, and permanent injunction, dated September 22, 2008; and the SDR's motion to

6

enjoin this Court from proceeding in the case at bar, dated March 16, 2017.[1] (Doc. 134, Exs. 1-8). However, none of the exhibits reference the Merchandise and Services Trust. They simply do not establish that the Merchandise and Services Trust is property belonging to the receivership estate in the Texas Receivership Litigation.

Certainly Winner Road disputes that the Merchandise and Services Trust is part of the receivership estate. In support of this assertion, Winner Road points to the fact that the SDR has filed statements of assets in the Texas Receivership Litigation, a number of which were attached to Winner Road's memorandum, and none of the Mount Washington Trusts were listed as property of the estate in these statements. Winner Road also cites to language in the liquidation plan, which it argues states that trusts "are not being used in the insolvency proceedings." Doc. 139-40. The SDR did not address either of these points in its reply memorandum. There is also the issue as to the

---

[1] According to BMO, the SDR's motion was denied on May 3, 2017. The SDR failed to provide the Court with a copy of the May 3 order. BMO quotes the court in the Texas Receivership Litigation as ruling:

> As such, Winner Road and all associated entities are enjoined and stayed from pursuing in rem and quasi in rem actions involving the receivership estate while pursuing wholly in personam actions against BMO Harris Bank, N.A.
>
> While some of the claims asserted in the BMO Harris Lawsuit may fall in one or another category (or, perhaps, straddle them), my inferior knowledge of the Missouri law leads me to put my trust in the courts considering that action to ably and properly make those distinctions if and when necessary in the management of their dockets and rulings.
>
> Similarly, I trust that between the terms of the Confidential Settlement Agreement by and between the SDR, NOLHGA and BMO Harris Bank, N.A. in this case and the other courts' adherence to principles of comity and rules of discovery and admissibility, those judges will ably and properly make rulings consistent with this court's authority in receivership matters.

Doc. 139 at 11.

settlement agreement between BMO and the SDR in the Jo Ann Howard Litigation, and its effect on the receivership estate's interest in the Merchandise and Services Trust. The SDR did not address the effect of the settlement agreement in its memoranda. In short, the SDR has not established to the Court's satisfaction that the Merchandise and Services Trust currently belongs to the receivership estate.

The Court sees no reason under the Burford abstention doctrine to abstain from this case if the Merchandise and Services Trust does not currently belong to the receivership estate in the Texas Receivership Litigation.[2] The SDR is asking the Court for extraordinary relief, and it is its burden to establish that it is entitled to such relief. Melahn, 965 F.2d at 1506. Therefore, the Court will order the SDR to file a memorandum, with attached documentation and citations to relevant pages, establishing that the Merchandise and Services Trust currently belongs to the receivership estate. The SDR shall address in its memorandum the effect of the settlement agreement between BMO and the SDR in the Jo Ann Howard Litigation on the receivership estate's interest in the Merchandise and Services Trust. Accordingly,

**IT IS HEREBY ORDERED** that consistent with the terms of this Memorandum and Order, on or before March 22, 2019, Jo Ann Howard & Associates, P.C., shall file a memorandum, supported by any relevant exhibits, to establish that the Third Amended and Restated Agreement for Mount Washington Cemetery Preneed Trust, also known as the Merchandise and Services Trust, currently belongs to the receivership estate in State of Texas v. Memorial Service Life Insurance Company, et al., No. D-1-GV-08-000945 (250th Dist. Ct., Travis Cnty, Tex. filed Sept. 12, 2008).

---

[2]The SDR has all but admitted that it has no interest in the Endowed Care Trust and the Special Care Trust because they do not belong to the receivership estate. Doc. 131 at 7-8.

**IT IS FURTHER ORDERED** that Winner Road Properties, LLC, and BMO Harris Bank, shall file their responses on or before March 29, 2019.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of March, 2019.